1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

11  ANSELL MATRIA JORDAN,                    )
                                             )
12              Petitioner,                   )          3:05-cv-00300-ECR-WGC
                                             )
13  vs.                                       )          **ORDER**
                                             )
14  CRAIG FARWELL, *et al.*,                   )
                                             )
15              Respondents.                   )
    _____/
16

17          This action is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, by Ansell

18  Matria Jordan, a Nevada prisoner represented by counsel.  This matter comes before the Court on the

19  merits of the second amended petition.

20  **I.  Procedural History**

21          On April 10, 2003, a judgment of conviction was entered, pursuant to a jury verdict, finding

22  petitioner guilty of sexual assault on a child.  (Exhibit 41).[1]  Petitioner was sentenced to a term of life

23  with the possibility of parole after 20 years.  (Exhibit 41).

24

25  _____

26          [1]  The exhibits referenced in this order are found in the Court's record at ECF Nos. 24-34, 59, and 83.

1    Petitioner filed a direct appeal on May 14, 2003.  (Exhibit 43).  On July 1, 2004, the Nevada

2    Supreme Court entered its order of affirmance.  (Exhibit 55).  Remittitur issued on July 27, 2004.

3    (Exhibit 57).

4    On April 6, 2005, petitioner filed a *pro per* petition for an extraordinary writ with the Nevada

5    Supreme Court.  (Exhibit 59).  The Nevada Supreme Court denied the petition on April 22, 2005,

6    directing petitioner to pursue his claims in the state district court.  (Exhibit 60).

7    On July 26, 2005, petitioner filed a *pro per* state habeas petition in the state district court.

8    (Exhibit 62).  The state district court denied the petition.  (Exhibit 65).  Petitioner appealed the denial

9    of his habeas petition.  (Exhibit 67).  By order filed February 21, 2006, the Nevada Supreme Court

10   affirmed the district court's denial of the habeas petition.  (Exhibit 71).

11   Petitioner dispatched his federal habeas petition to this Court on May 17, 2005.  (Docket #6).

12   This Court granted petitioner's motion for the appointment of counsel.  (ECF No. 10).  On April 21,

13   2006, by way of appointed counsel, petitioner filed a first amended petition.  (ECF No. 23).  On

14   August 14, 2006, respondents moved to dismiss the petition.  (ECF No. 42).  By order filed January

15   18, 2007, this Court granted in part and denied in part respondents' motion to dismiss.  (ECF No.

16   47).  The Court found that Grounds One and Four of the amended petition were unexhausted.  (*Id.*).

17   The Court gave petitioner the option of abandoning his unexhausted claims and proceeding on his

18   exhausted claims, or in the alternative, to seek a stay under *Rhines v. Weber*, 544 U.S. 269 (2005).

19   (*Id.*).  On September 25, 2007, this Court granted petitioner's motion for a stay and ordered this

20   action administratively closed while petitioner returned to state court to exhaust his unexhausted

21   claims.  (ECF No. 55).

22   Petitioner returned to state court, filing a habeas petition on November 9, 2007, in the state

23   district court.  (Exhibit 76).  Petitioner presented the claims that are now Grounds One and Four of

24   the second amended federal petition.  (*Id.*).  The state district court dismissed the petition as

25

26

untimely.  (Exhibit 77).  Petitioner appealed and on May 21, 2009, the Nevada Supreme Court

affirmed the decision of the state district court.  (Exhibit 87).

    By order filed July 28, 2009, the instant action was reopened.  (ECF No. 57).  On August 28,

2009, petitioner filed the second amended petition (ECF No. 58), along with supplemental exhibits

(ECF No. 59).  The second amended petition raises the following grounds:

> I.  Jordan was denied his right to the effective assistance of appellate
> counsel under the Sixth and Fourteenth Amendments to the United
> States Constitution when counsel failed to include the trial judge's
> actual bias against him and refusal to recuse himself as a direct appeal
> issue.
>
> II.  Jordan was denied his due process rights under the Fifth and
> Fourteenth Amendments to the United States Constitution because
> there was insufficient evidence presented at trial to support a finding of
> guilt of the crimes charged beyond a reasonable doubt.
>
> III.  Sentencing Jordan to the twenty (20) years to life sentence
> constituted excessive punishment in violation of the Eighth and
> Fourteenth Amendments.
>
> IV.  Jordan was denied his Sixth and Fourteenth Amendment right to
> the effective assistance of counsel when counsel failed to cross-
> examine the prosecution's principal witnesses or otherwise introduce
> evidence concerning Danyel V.'s prior episodes of rape and assault.

(ECF No. 58).

    Respondents moved to dismiss Grounds One and Four of the second amended petition.  (ECF

No. 65).  By order filed June 14, 2010, this Court determined that Grounds One and Four of the

second amended petition were procedurally defaulted in state court on adequate and independent

state grounds.  (ECF No. 75, at p. 6).  The Court deferred ruling on the cause and prejudice issue and

the fundamental miscarriage of justice issue until the merits were fully briefed.  (*Id.,* at pp. 6-7).  The

Court directed respondents to file an answer to the second amended petition addressing all grounds

of the petition, and any procedural default issues.  Respondents filed an answer on July 14, 2010.

(ECF No. 76).  Petitioner to file a reply on October 14, 2010, as well as supplemental exhibits.  (ECF

Nos. 81 & 83).

3

## II. Discussion

### A. Procedural Default of Grounds One and Four

A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state law ground that is independent of the federal question and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991). The *Coleman* Court stated the effect of a procedural default, as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986). By order filed June 14, 2010, this Court determined that Grounds One and Four of the second amended petition were procedurally defaulted in state court on independent and adequate state grounds of NRS 34.726(1) (untimeliness) and NRS 34.810(2) (abuse of the writ). (ECF No. 75, at p. 6). This Court deferred ruling on the issue of cause and prejudice until the merits of the petition were briefed. (ECF No. 75, at p. 6). As such, the Court now considers the parties' arguments concerning cause and prejudice and fundamental miscarriage of justice to overcome procedural default.

To overcome a procedural default, a petitioner must establish either (1) "cause for the default and prejudice attributable thereto," or (2) "that failure to consider [his defaulted] claim[s] will result in a fundamental miscarriage of justice." *Harris v. Reed*, 489 U.S. 255, 262 (1989) (citations omitted). Petitioner also must show prejudice to excuse the procedural default. The prejudice that is required as part of the showing of cause and prejudice to overcome a procedural default is "actual harm resulting from the alleged error." *Vickers v. Stewart*, 144 F.3d 613, 617 (1998); *Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984).

/ / / / / / / / /

/ / / / / / / / /

4

**B.  Cause and Prejudice Analysis**

"Cause" to excuse a procedural default exists if a petitioner can demonstrate that some objective factor external to the defense impeded the petitioner's efforts to comply with the state procedural rule.  *Coleman v. Thompson*, 501 U.S. at 755; *Murray v. Carrier*, 477 U.S. at 488; *Vickers v. Stewart*, 144 F.3d 613, 617 (9th Cir. 1998).  Ineffective assistance of counsel may satisfy the cause requirement to overcome a procedural default.  *Murray*, 477 U.S. at 488.  However, for ineffective assistance of counsel to satisfy the cause requirement, the independent claim of ineffective assistance of counsel, itself, must first be presented to the state courts.  *Murray*, 477 U.S. at 488-89.  In addition, the independent ineffective assistance of counsel claim cannot serve as cause if that claim is procedurally defaulted.  *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000).

With respect to the prejudice prong of cause and prejudice, the petitioner bears:

> the burden of showing not merely that the errors [complained of] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension.

*White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989), *citing United States v. Frady*, 456 U.S. 152, 170 (1982).  If the petitioner fails to show cause, the court need not consider whether the petitioner suffered actual prejudice.  *Engle v. Isaac*, 456 U.S. 107, 134 n.43 (1982); *Roberts v. Arave*, 847 F.2d 528, 530 n.3 (9th Cir. 1988).

To the extent that petitioner's arguments can be construed as demonstrating cause based on ineffective assistance of counsel, this argument fails.  An independent ineffective assistance of counsel claim cannot serve as cause if that claim is itself procedurally defaulted.  *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000).  In the instant case, petitioner argued that his counsel's ineffectiveness is cause to excuse the procedural default.  Because the ineffective assistance of counsel claims are themselves procedurally defaulted, such claims cannot be used to establish cause to excuse the procedural default in state court.  Petitioner otherwise fails to make a clear argument regarding cause to excuse the procedural default.  Because petitioner has failed to show cause to

overcome the procedural default, the Court need not address the prejudice prong. *Engle v. Isaac*, 456 U.S. 107, 134 n.43 (1982); *Roberts v. Arave*, 847 F.2d 528, 530 n.3 (9th Cir. 1988) (where petitioner fails to show cause, the court need not consider whether the petitioner suffered actual prejudice).

**C. Fundamental Miscarriage of Justice Analysis**

A petitioner can avoid the application of the procedural default doctrine by demonstrating that the federal court's failure to consider his claims will result in a fundamental miscarriage of justice. To prove a "fundamental miscarriage of justice," petitioner must show that the constitutional error of which he complains "has probably resulted in the conviction of one who is actually innocent." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (citing *Murray v. Carrier*, 477 U.S. at 496). "Actual innocence" is established when, in light of all of the evidence, "it is more likely than not that no reasonable juror would have convicted [the petitioner]." *Bousley v. United States*, 523 U.S. at 623 (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. at 623. Petitioner can make a showing of "actual innocence" by presenting the court with new evidence which raises a sufficient doubt as "to undermine confidence in the result of the trial." *Schlup v. Delo*, 513 U.S. at 324.

In the reply, petitioner argues that he is actually innocent of the crime of sexual assault on a child. (ECF No. 81, at pp. 27-35). Petitioner asserts that the evidence that implicated him in the crime of digital penetration included the questionable testimony of the minor victim. Petitioner also argues there was no physical evidence linking him to the crime. (*Id.*). Petitioner reiterates the testimony of the victim and his own testimony at trial. (*Id.*, at pp. 28-31).

Petitioner must prove through evidence that he is innocent, not merely reiterate facts already presented to the jury because he disagrees with the verdict. Petitioner provides no new evidence of actual innocence which was not presented to the jury. Petitioner's bare allegations are unsupported

6

1    by evidence.  The entirety of the evidence he relies on to claim actual innocence was presented to the

2    jury at trial, and the jury found petitioner guilty of sexual assault on a child.  Petitioner has not made

3    a showing of actual innocence by presenting this Court with new evidence that raises sufficient doubt

4    as to undermine confidence in the result of the trial.  *See Schlup v. Delo*, 513 U.S. at 324.

5         Petitioner next argues that Juror Denise Gerbich's "grudging acknowledgement of a guilty

6    vote" upon the jury being polled demonstrates evidence of actual innocence.  (ECF No. 81, at pp. 31-

7    32).  Petitioner notes that during the poll of the jury on February 24, 2003, Juror Gerbich stated "I

8    don't like the verdict."  Petitioner presents a declaration of Juror Gerbich, signed in 2010, in which

9    she states that she felt that petitioner was innocent and that she was pressured into the guilty verdict.

10   (Exhibit 89).  The Court rejects petitioner's argument that the declaration of Juror Gerbich raises

11   sufficient doubt as to undermine confidence in the result of the trial.  *See Schlup v. Delo*, 513 U.S. at

12   324.  The record is clear that, during the polling of the jury, the trial judge asked Juror Gerbich:

13   "Well, there may have been vigorous debate during the course of deliberations, of course, but at this

14   time do you agree with the verdict of guilty?"  Juror Gerbich replied "yes" in response to the trial

15   court's question.  (Exhibit 36, at pp. 997-98).

16        In sum, petitioner has failed to make a showing of actual innocence by presenting this Court

17   with new evidence which raises a sufficient doubt as to undermine confidence in the result of the

18   trial.  Petitioner has failed to demonstrate that this Court's failure to consider his procedurally

19   defaulted claims would result in a fundamental miscarriage of justice.

20        **D.  Analysis of the Merits of Petitioner's Claims**

21        Assuming *arguendo,* that this Court found cause and prejudice, or a fundamental miscarriage

22   of justice to allow review of petitioner's procedurally defaulted Grounds One and Four, a substantive

23   analysis of the merits of each claim in the second amended petition is now discussed.

24   / / / / / / / / / /

25   / / / / / / / / /

26

1          **1.  Federal Habeas Corpus Standards**

2          The Antiterrorism and Effective Death Penalty Act ("AEDPA"), at 28 U.S.C. § 2254(d),

3    provides the legal standard for the Court's consideration of this habeas petition:

4                 An application for a writ of habeas corpus on behalf of a person
                  in custody pursuant to the judgment of a State court shall not be
5                 granted with respect to any claim that was adjudicated on the merits in
                  State court proceedings unless the adjudication of the claim –

6
                  (1) resulted in a decision that was contrary to, or involved an
7                 unreasonable application of, clearly established Federal law, as
                  determined by the Supreme Court of the United States; or

8
                  (2) resulted in a decision that was based on an unreasonable
9                 determination of the facts in light of the evidence presented in the State
                  court proceeding.

10

11         The AEDPA "modified a federal habeas court's role in reviewing state prisoner applications

12   in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect

13   to the extent possible under law." *Bell v. Cone,* 535 U.S. 685, 693-694 (2002).  A state court

14   decision is contrary to clearly established Supreme Court precedent, within the meaning of 28 U.S.C.

15   § 2254, "if the state court applies a rule that contradicts the governing law set forth in [the Supreme

16   Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from

17   a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Supreme

18   Court's] precedent." *Lockyer v. Andrade,* 538 U.S. 63, 73 (2003) (quoting *Williams v. Taylor,* 529

19   U.S. 362, 405-406 (2000) and citing *Bell v. Cone,* 535 U.S. 685, 694 (2002)).

20         A state court decision is an unreasonable application of clearly established Supreme Court

21   precedent, within the meaning of 28 U.S.C. § 2254(d), "if the state court identifies the correct

22   governing legal principle from [the Supreme Court's] decisions but unreasonably applies that

23   principle to the facts of the prisoner's case." *Lockyer v. Andrade,* 538 U.S. at 75 (quoting *Williams*,

24   529 U.S. at 413).  The "unreasonable application" clause requires the state court decision to be more

25

26
                                              8

1    than merely incorrect or erroneous; the state court's application of clearly established federal law

2    must be objectively unreasonable.  *Id.* (quoting *Williams*, 529 U.S. at 409).

3            In determining whether a state court decision is contrary to, or an unreasonable application of

4    federal law, this Court looks to the state courts' last reasoned decision.  *See Ylst v. Nunnemaker*, 501

5    U.S. 797, 803-04 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079 n.2 (9th Cir. 2000), *cert.*

6    *denied*, 534 U.S. 944 (2001).  Moreover, "a determination of a factual issue made by a State court

7    shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the

8    presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).

9                        **2. Ground One**

10           Petitioner alleges the following as Ground One of the second amended habeas petition:

11                   Jordan was denied his right to the effective assistance of appellate
                     counsel under the Sixth and Fourteenth Amendments to the United
12                   States Constitution when counsel failed to include the trial judge's
                     actual bias against him and refusal to recuse himself as a direct appeal
13                   issue.

14    (ECF No. 58, at p. 7).

15           Ineffective assistance of counsel claims are governed by the two-part test announced in

16    *Strickland v. Washington,* 466 U.S. 668 (1984).  In *Strickland*, the Supreme Court held that a

17    petitioner claiming ineffective assistance of counsel has the burden of demonstrating that (1) the

18    attorney made errors so serious that he or she was not functioning as the "counsel" guaranteed by the

19    Sixth Amendment, and (2) that the deficient performance prejudiced the defense.  *Williams v.*

20    *Taylor,* 529 U.S. 362, 390-391 (2000) (citing *Strickland,* 466 U.S. at 687).  To establish

21    ineffectiveness, the defendant must show that counsel's representation fell below an objective

22    standard of reasonableness.  *Id.*  To establish prejudice, the defendant must show that there is a

23    reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

24    would have been different.  *Id.*  A reasonable probability is "probability sufficient to undermine

25    confidence in the outcome."  *Id.*  Additionally, any review of the attorney's performance must be

26

                                            9

1    "highly deferential" and must adopt counsel's perspective at the time of the challenged conduct, in

2    order to avoid the distorting effects of hindsight. *Strickland,* 466 U.S. at 689. It is the petitioner's

3    burden to overcome the presumption that counsel's actions might be considered sound trial strategy.

4    *Id.*

5         Ineffective assistance of counsel under *Strickland* requires a showing of deficient

6    performance of counsel resulting in prejudice, "with performance being measured against an

7    'objective standard of reasonableness,'. . . 'under prevailing professional norms.'" *Rompilla v.*

8    *Beard,* 545 U.S. 374, 380 (2005) (quotations omitted). If the state court has already rejected an

9    ineffective assistance claim, a federal habeas court may only grant relief if that decision was contrary

10   to, or an unreasonable application of the *Strickland* standard. *See Yarborough v. Gentry,* 540 U.S. 1,

11   5 (2003). There is a strong presumption that counsel's conduct falls within the wide range of

12   reasonable professional assistance. *Id.*

13        The United States Supreme Court recently described federal review of a state supreme court's

14   decision on a claim of ineffective assistance of counsel as "doubly deferential." *Cullen v. Pinholster,*

15   131 S.Ct. 1388, 1403 (2011) (quoting *Knowles v. Mirzayance,* 129 S.Ct. 1411, 1413 (2009)). The

16   Supreme Court emphasized that: "We take a 'highly deferential' look at counsel's performance . . . .

17   through the "deferential lens of § 2254(d).'" *Id.* at 1403 (internal citations omitted). Moreover,

18   federal habeas review of an ineffective assistance of counsel claim is limited to the record before the

19   state court that adjudicated the claim on the merits. *Cullen v. Pinholster,* 131 S.Ct. at 1398-1401.

20        The *Strickland* standard applies to challenges of effective appellate counsel. *Smith v.*

21   *Robbins,* 528 U.S. 259, 285 (2000). Appellate counsel has no constitutional duty to raise every non-

22   frivolous issue requested by the client. *Jones v. Barnes,* 463 U.S. 745, 751-54 (1983).

23        In reviewing this claim, the Nevada Supreme Court made this substantive ruling:

24              Appellant argues that Judge Steven Elliott was biased against him and
                that bias was the reason the district court summarily dismissed the
25              instant petition. Appellant contends that Judge Elliot was biased
                because Judge Elliott presided over a previous trial on similar charges

26

10

1

2

3

4

5

6

7

> where appellant was acquitted.  Judge Elliott later apparently made statements to appellant's trial counsel that he was surprised that appellant was acquitted because, in his opinion, the evidence against appellant was overwhelming.  Prior to trial in the instant case, appellant's attorney unsuccessfully attempted to have Judge Elliot recuse himself.  Judge Elliot stated at the hearing on the motion for recusal, that he respected the previous jury's verdict and could sit impartially through this trial.  Appellant has failed to explain why he did not raise this issue in his previous petition or why he did not move to disqualify Judge Elliott when he filed his second petition. Therefore, we conclude that the district court did not err in denying the petition.

8

(Exhibit 87, at p. 5).  The factual findings of the state court are presumed correct.  28 U.S.C.

9

§ 2254(e)(1).  Petitioner has not shown that appellate counsel's performance was deficient or that he

10

suffered prejudice.  Petitioner has failed to meet his burden of proving that the state court's ruling

11

was contrary to, or involved an unreasonable application of, clearly established federal law, as

12

determined by the United States Supreme Court, or that the ruling was based on an unreasonable

13

determination of the facts in light of the evidence presented in the state court proceeding.  This Court

14

denies habeas relief on Ground One of the second amended petition.

### 3. Ground Two

15

Petitioner alleges as Ground Two of the second amended habeas petition:

16

17

18

> Jordan was denied his due process rights under the Fifth and Fourteenth Amendments to the United States Constitution because there was insufficient evidence presented at trial to support a finding of guilt of the crimes charged beyond a reasonable doubt.

19

(ECF No. 58, at p. 9).

20

When a habeas petitioner challenges the sufficiency of evidence to support his conviction, the

21

court reviews the record to determine "whether, after viewing the evidence in the light most

22

favorable to the prosecution, any rational trier of fact could have found the essential elements of the

23

crime beyond a reasonable doubt."  *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Jones v. Wood*,

24

207 F.3d 557, 563 (9th Cir. 2000).  The *Jackson* standard does not focus on whether a correct guilt or

25

innocence determination was made, but whether the jury made a rational decision to convict or

26

11

acquit. *Herrera v. Collins*, 506 U.S. 390, 402 (1993). Under the *Jackson* standard, the prosecution

has no obligation to rule out every hypothesis except guilt. *Wright v. West*, 505 U.S. 277, 296 (1992)

(plurality opinion); *Jackson*, 443 U.S. at 326; *Schell*, 218 F.3d at 1023. *Jackson* presents "a high

standard" to habeas petitioners claiming insufficiency of the evidence. *Jones v. Wood*, 207 F.3d 557,

563 (9th Cir. 2000).

   Sufficiency claims are limited to a review of the record evidence submitted at trial. *Herrera*,

506 U.S. at 402. Such claims are judged by the elements defined by state law. *Jackson*, 443 U.S. at

324, n.16). The reviewing court must respect the exclusive province of the fact-finder to determine

the credibility of witnesses, to resolve evidentiary conflicts, and to draw reasonable inferences from

proven facts. *United States v. Hubbard*, 96 F.3d 1223, 1226 (9th Cir. 1996). The district court must

assume the trier of fact resolved any evidentiary conflicts in favor of the prosecution, even if the

determination does not appear on the record, and must defer to that resolution. *Jackson*, 443, U.S. at

326. The United States Supreme Court recently held that if a rational jury could infer guilt, the only

question under *Jackson v. Virginia*, 443 U.S. 307 (1979), is whether that finding was so

insupportable as to fall below the threshold of bare rationality, and the determination by the state

court was entitled to considerable deference under the AEDPA. *Coleman v. Johnson*, 132 S.Ct.

2060, 2062, 2064-65 (2012).

   In addressing petitioner's claim of insufficiency of the evidence, the Nevada Supreme Court

found and held as follows:

> Appellant first contends that the evidence presented at trial was
> insufficient to support the jury's findings of guilt on the sexual assault
> charge. Our review on appeal, however, reveals sufficient to establish
> guilt beyond a reasonable doubt as determined by a rational trier of
> fact. In particular, at trial the minor victim testified that appellant had
> previously made statements to her indicating he would like to engage
> in sexual acts with her, and that while she was attempting to fall
> asleep, appellant turned her over, pinned her down, and digitally
> penetrated her against her will. Examining nurse Debra Robison
> testified that she found abrasions in the victim's genital area, and that
> the injuries were consistent with the victim's version of the events.
> Moreover, criminalist Jeffrey Rolands testified that swabs taken from

1      appellant indicated that DNA consistent with the victim's profile was
2      on appellant's hands.  Additionally, witnesses Kimberlee Girlie and
       Devin Goodwin both testified that they heard a muffled cry in the
3      middle of the night and encountered the victim running into their
       bedroom, crying hysterically, immediately after the incident.  It is for
4      the jury to determine the weight and credibility to give testimony, and
       the jury's verdict will not be disturbed on appeal, where, as here,
5      substantial evidence supports the verdict.  The jury could have
       reasonably inferred from the evidence presented that appellant sexually
6      assaulted the victim.  Accordingly, we reject appellant's challenge to
       the sufficiency of the evidence supporting his conviction.

7  (Exhibit 55, at pp. 1-2) (footnotes and citations omitted).  The factual findings of the state court are

8  presumed correct.  28 U.S.C. § 2254(e)(1).  Petitioner has failed to meet his burden of proving that

9  the state court's ruling was contrary to, or involved an unreasonable application of, clearly

10  established federal law, as determined by the United States Supreme Court, or that the ruling was

11  based on an unreasonable determination of the facts in light of the evidence presented in the state

12  court proceeding.  The Court denies habeas relief on Ground Two of the second amended petition.

13  **4. Ground Three**

14  Petitioner alleges as Ground Three of the second amended petition: "Sentencing Jordan to the

15  twenty (20) years to life sentence constituted excessive punishment in violation of the Eighth and

16  Fourteenth Amendments."  (ECF No. 58, at p. 13).

17  A criminal sentence violates the Eighth Amendment if it is grossly disproportionate to the

18  crime.  *Solem v. Helm*, 463 U.S. 277, 296-97 (1983).  A punishment is unconstitutional if the

19  "evolving standards of decency that mark the progress of a maturing society" soundly reject it.  *Trop*

20  *v. Dulles*, 356 U.S. 86, 101 (1958).  In *Harmelin*, the United States Supreme Court determined that

21  the imposition of a mandatory life sentence without the possibility of parole did not violate the

22  Eighth Amendment.  *Harmelin v. Michigan*, 501 U.S. 957, 1000-01 (1991).  The Court announced

23  that "[t]he Eighth Amendment contains no proportionality guarantee."  *Id.* at 965.  While an earlier

24  United States Supreme Court case, *Solem v. Helm*, 463 U.S. 277 (1983), suggests that courts should

25  invoke a proportionality test, and should compare a defendant's sentence to others within the

26

1   jurisdiction for similar crimes, *Harmelin* makes clear that such comparative analysis need not be

2   performed unless the sentence imposed "gives rise to an inference of gross disproportionality."

3   *Harmelin*, 501 U.S. at 1005.  Other United States Supreme Court cases dictate upholding defendants'

4   sentence, even where the sentence seems harsh in light of the offense committed.  *Rummel v. Estelle*,

5   445 U.S. 263 (1980) (life sentence upheld where defendant was repeated offender and committed

6   third felony of stealing $120); *Hutto v. Davis*, 454 U.S. 370 (1982) (40-year prison sentence upheld

7   where defendant was convicted of possession with intent to sell nine ounces of marijuana); *Ewing v.*

8   *California*, 538 U.S. 11 (2003) (upholding 25-year sentence of habitual criminal defendant for

9   stealing three golf clubs, holding that the states may dictate how they wish to deal with recidivism

10  issues).  In the instant case, this Court does not deem petitioner's sentence of life with the possibility

11  of parole after twenty years to be grossly disproportionate to the crime of which he was convicted.

12      The Nevada Supreme Court considered and rejected petitioner's argument that his sentence

13  violated the Eighth Amendment:

14          Appellant next contends that the district court abused its discretion
            when, at the urging of the prosecution, it considered appellant's recent
15          acquittal on a similar in determining appellant's sentence.  We
            conclude that appellant's contention lacks merit.
16
            This court has consistently afforded the district court wide discretion in
17          its sentencing decision.  This court will refrain from interfering with
            the sentence imposed so long as the record does not demonstrate
18          prejudice resulting from consideration of information or accusations
            founded on facts supported only by impalpable or highly suspect
19          evidence.  Moreover, a sentence within the statutory limits is not cruel
            and unusual punishment where the statute itself is constitutional.
20
            In the instant case, appellant does not allege that the district court
21          relied on impalpable or highly suspect evidence or that the relevant
            statute is unconstitutional.  Moreover, appellant has failed to
22          demonstrate that the district court considered any objectionable
            material in determining appellant's sentence.  Here, the State did not
23          imply that appellant was in fact guilty of criminal charges of which he
            had been acquitted.  In any event, a sentencing court may consider a
24          defendant's past criminal history, including charges of which the
            defendant has been acquitted.  Finally, we note that the sentence
25          imposed was within the parameters provided by the relevant statute
            and was not so unreasonably disproportionate to the crime as to shock
26

                                        14

1    the conscience.  Accordingly, the district court did not abuse its
     discretion at sentencing.
2

3   (Exhibit 55, at pp. 2-4) (citations and internal quotations omitted).  The factual findings of the state

4   court are presumed correct.  28 U.S.C. § 2254(e)(1).  Petitioner has failed to meet his burden of

5   proving that the state court's ruling was contrary to, or involved an unreasonable application of,

6   clearly established federal law, as determined by the United States Supreme Court, or that the ruling

7   was based on an unreasonable determination of the facts in light of the evidence presented in the

8   state court proceeding.  This Court denies habeas relief on Ground Three of the second amended

9   petition.

10              **5. Ground Four**

11  Petitioner alleges the following as Ground Four of the second amended habeas petition:

12              Jordan was denied his Sixth and Fourteenth Amendment right to the
                effective assistance of counsel when counsel failed to cross-examine
13              the prosecution's principal witness or otherwise introduce evidence
                concerning Danyel V.'s prior episodes of rape and assault.
14
    (ECF No. 59, at p. 14).
15
            Ineffective assistance of counsel claims are governed by the two-part test announced in
16
    *Strickland v. Washington,* 466 U.S. 668 (1984).  In *Strickland*, the Supreme Court held that a
17
    petitioner claiming ineffective assistance of counsel has the burden of demonstrating that (1) the
18
    attorney made errors so serious that he or she was not functioning as the "counsel" guaranteed by the
19
    Sixth Amendment, and (2) that the deficient performance prejudiced the defense.  *Williams v.*
20
    *Taylor,* 529 U.S. 362, 390-391 (2000) (citing *Strickland,* 466 U.S. at 687).
21
            In the instant case, petitioner has not shown that his counsel was ineffective or that he was
22
    prejudiced.  The state trial judge had already granted the State's motion to enforce Nevada's rape
23
    shield law.  (Exhibits 22, 30).  The court ordered that any other issues involving bad acts required a
24
    *Petrocelli* hearing under Nevada law.  No *Petrocelli* hearing was conducted.  In its order denying the
25
    state petition, the state district court made clear that it had granted the State's rape shield motion.
26
                                            15

1    (Exhibit 66, at p. 4).  As such, defense counsel could not go into the issues that petitioner alleges

2    should have been raised, without violating the state court's order.  Counsel's only option was to raise

3    the claim on appeal.  Petitioner has not put the issue of whether the claim should have been raised on

4    appeal before this Court.  Petitioner has not shown that counsel's performance was deficient because

5    counsel was forbidden to raise issues regarding the victim's past sexual history.  Petitioner has not

6    shown that counsel's performance was deficient or that he suffered prejudice.  *See Strickland v.*

7    *Washington,* 466 U.S. 668 (1984).  The Nevada Supreme Court ruled that petitioner is not entitled to

8    relief on this ground.  (Exhibit 87, at pp. 2-3).  Petitioner has failed to meet his burden of proving

9    that the state court's ruling was contrary to, or involved an unreasonable application of, clearly

10   established federal law, as determined by the United States Supreme Court, or that the ruling was

11   based on an unreasonable determination of the facts in light of the evidence presented in the state

12   court proceeding.  This Court denies habeas relief on Ground Four of the second amended petition.

13   **III.  Certificate of Appealability**

14       In order to proceed with his appeal, petitioner must receive a certificate of appealability.  28

15   U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1;  *Allen v. Ornoski,* 435 F.3d 946, 950-951

16   (9th Cir. 2006); s*ee also United States v. Mikels,* 236 F.3d 550, 551-52 (9th Cir. 2001).  Generally, a

17   petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a

18   certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84

19   (2000).  "The petitioner must demonstrate that reasonable jurists would find the district court's

20   assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484).  In

21   order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are

22   debatable among jurists of reason; that a court could resolve the issues differently; or that the

23   questions are adequate to deserve encouragement to proceed further.  *Id.*

24       Pursuant to the December 1, 2009 amendment to Rule 11 of the Rules Governing Section

25   2254 and 2255 Cases, district courts are required to rule on the certificate of appealability in the

26

order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of appealability to be filed. Rule 11(a). This Court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard. The Court will therefore deny petitioner a certificate of appealability.

**IV. Conclusion**

     **IT IS THEREFORE ORDERED** that the second amended petition for a writ of habeas corpus is **DENIED IN ITS ENTIRETY**.

     **IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY.**

     **IT IS FURTHER ORDERED** that the Clerk **SHALL ENTER JUDGMENT ACCORDINGLY.**

     Dated this 13th day of August, 2012.

_____
UNITED STATES DISTRICT JUDGE

17